FILED

DEC 20 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

PHILLIP A. TALBERT
United States Attorney
MATTHEW M. YELOVICH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00237 JAM |
|---|---|
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| ANTHONY LAZZARINO, and PETER WONG, | |
| Defendants. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive discovery materials to anyone not a party to the court proceedings in this matter;

WHEREAS, the sensitive discovery materials at issue include personal identifying information and medical information for individuals not party to this matter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue; and

WHEREAS, the defendants have counsel (collectively, "Defense Counsel") who wish to have the opportunity to review the sensitive discovery materials without delay as they pertain to the case against their clients, and the United States wishes to fulfill its discovery obligations without delay;

Defendants ANTHONY LAZZARINO and PETER WONG, and plaintiff United States of America, by and through their counsel of record, hereby agree and stipulate as follows:

Stipulation & [Proposed] Protective Order          1

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "protected discovery") are subject to this protective order and may be used by defendants and Defense Counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3. Defendants and Defense Counsel shall not disclose the protected discovery or its contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the protected discovery as necessary to prepare the defense (subject to the restrictions of Paragraph 4, below), but may not retain copies without prior permission of the Court.

4. Due to the nature of the charges in this case, certain materials disclosed or to be disclosed by the United States contain particularly sensitive information, including personal identifying information and medical information of one or more persons other than the defendant. In no event shall copies of such materials, or the information contained therein, be retained by any persons other than defendants, Defense Counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court, personal identifying information and medical information shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendants choose to include in a public document sensitive information relating solely and directly to the defendants' own personal identifying information or medical information).

5. Defendants, Defense Counsel, and authorized persons shall not copy or reproduce the protected discovery except in order to provide copies for use in connection with this case by defendants, Defense Counsel, and authorized persons. Such copies and reproductions shall be treated in the same

manner as the original protected discovery.

6. Defendants, Defense Counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the protected discovery, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original protected discovery.

7. Before providing any protected discovery to an authorized person, Defense Counsel and/or defendants must provide the authorized person with a copy of this Order.

8. Upon conclusion of all stages of this case, all of the protected discovery and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any protected discovery.

9. To the extent any protected discovery is produced by the United States to defendants or Defense Counsel by mistake, the United States shall have the right to request the return of the protected discovery and shall do so in writing. Within five days of the receipt of such a request, defendants and/or Defense Counsel shall return all such protected discovery if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit Defense Counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party that attaches or otherwise discloses personal identifying information or medical information as noted in Paragraph 4, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

12. In the event that defendants obtain substitute counsel, undersigned Defense Counsel agree not to disclose any protected discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all discovery be turned over to successor counsel.

13.     Defense Counsel shall be responsible for advising their client, employees, and other members of the defense team of the contents of this Order.

14.     This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO STIPULATED.

Dated:  December 20, 2016                                      Respectfully submitted,


PHILLIP A. TALBERT
United States Attorney

By:     /s/ Matthew M. Yelovich
        MATTHEW M. YELOVICH
        Assistant U.S. Attorney


For Defendants:

By:     /s/ Malcolm Segal
        Malcolm Segal
        Counsel for ANTHONY LAZZARINO

By:     /s/ Thomas A. Johnson
        Thomas A. Johnson
        Counsel for PETER WONG


**ORDER**

IT IS SO FOUND AND ORDERED.

DATED: Dec. 20, 2016

HON. DEBORAH L. BARNES
United States Magistrate Judge

Stipulation & [Proposed] Protective Order                          4